■ MEREDITH STORER, Appellant, v GILEAD KREITER, Respondent. [830 NYS2d 146]—

Order, Supreme Court, New York County (Saralee Evans, J.), entered on or about November 25, 2005, which, inter alia, denied plaintiff's motion to set aside the parties' separation agreement, and directed the parties to mediate "plaintiff's entitlement to a portion of the appreciated value of real proper-

ty," unanimously modified, on the law, to direct mediation without limitation of the issues to be submitted to the mediator, and otherwise affirmed, without costs.

The subject separation agreement purports to settle and resolve all of the parties' marital issues and disputes, with the exception of the marital residence, a rental apartment possession of which was given to plaintiff. A "Whereas" clause acknowledges plaintiff's claim to a share of marital "appreciated real estate"; states that settlement of this claim is to await completion of the building's conversion to a condominium; and recites that the parties agree "to mediate the issue of equitable property settlement." The final clause of the agreement, under an article entitled "General Provisions," states that before resorting to litigation, the parties will first mediate "any questions, disputes, or disagreements [that] develop with regard to the terms of this Agreement." We reject plaintiff's argument, improperly raised for the first time on appeal, that the agreement should be set aside because, contrary to the parties' expectation, the building did not convert. Plaintiff knew, or should have known, that the conversion might never happen, and she does not claim that any misapprehension on her part was due to fraud or overreaching by defendant (*see Christian v Christian*, 42 NY2d 63, 71-72 [1977]). We have considered and rejected plaintiff's other arguments for setting aside the agreement in whole or part. We modify as above indicated to direct mediation of any questions, disputes or disagreements, not just those relating to appreciated real estate, in accordance with the last clause of the agreement. Concur—Mazzarelli, J.P., Saxe, Marlow, Nardelli and Gonzalez, JJ.